```
                 UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS
```

_____
UNITED STATES OF AMERICA            )
                                    )
                                    )
                                    )
v.                                  )
                                    )
                                    )           Criminal Action
                                    )           No. 15-10224-PBS-2
YOELLY CARMENATTY                   )
                                    )
             Defendant.             )
_____)

**MEMORANDUM AND ORDER**

December 15, 2015

Saris, C.J.

**INTRODUCTION**

This case involves an alleged conspiracy to distribute cocaine, heroin, and fentanyl. After hearing, Magistrate Judge Hennessy ordered Ms. Carmenatty, one of the alleged conspirators, held before trial due to her risk of flight and danger to the community. (Docket No. 101). Ms. Carmenatty appealed. After a *de novo* hearing, her appeal is **DENIED**.

**DISCUSSION**

"If, after a hearing... the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall

order the detention of the person before trial." 18 U.S.C. § 3142(e). In making this determination, courts must consider the nature of the offense charged, the weight of the evidence against the person, the characteristics of the person including family ties, and the seriousness of the danger to the community among other factors. Id. § 3142(g).

The evidence is overwhelmingly against the defendant. The government has introduced the testimony and affidavit of United States Drug Enforcement Administration Special Agent Garth Hamelin as well as wiretap evidence of telephone conversations between Ms. Carmenatty and her co-conspirators showing that she was integrally involved in the operations of the drug conspiracy. Specifically, these recorded telephone conversations reveal Ms. Carmenatty discussing plans to kidnap another member of the conspiracy, planning drug shipments, and conferring with the conspiracy's leader on how money would be handled. When Ms. Carmenatty was arrested, the government agents found $500,000 in cash along with two loaded handguns in the apartment.

The fact that Ms. Carmenatty was pregnant and delivered her child during the pendency of her appeal gave some urgency to the proceedings. Ms. Carmenatty's mother flew in from the Dominican Republic and testified at the hearing regarding the possibility of serving as third-party surety if this Court released Ms. Carmenatty. Her mother testified that she was willing to post

$75,000 as financial security for her daughter's release. The defense noted to the Court that Ms. Carmenatty's family would sell a home in the Dominican Republic to raise the money. However, Ms. Carmenatty's mother could not state credibly or consistently how she obtained this money. She testified variously that the family pooled the money, and that she sold some land in the Dominican Republic. However, she was unable to give an address or description of the land or the time when it was sold. The defense identified two other sisters as potential third-party sureties, but a government auditor testified that she saw pictures of these sisters depositing large sums of cash in a so-called "funnel account." This Court finds that, given the scope and scale of the alleged drug conspiracy, $75,000, even if not drawn from drug proceeds, would be inadequate to assure Ms. Carmenatty's presence at trial.

While this Court would have liked to have found a combination of conditions that would ensure the defenant's appearance at trial in light of her newborn baby, she has family in the Dominican Republic, including one of her children whom she left when she came to the United States. Given the drug amounts involved, and assuming acceptance of responsibility, Ms. Carmenatty is still facing more than seven years in prison even before consideration of possible sentence enhancements. She has strong incentives to flee this jurisdiction to avoid likely

long-term incarceration. If released, this Court finds that there is no combination of conditions that will reasonably assure Ms. Carmenatty's appearance at trial.

## **ORDER**

After hearing, Ms. Carmenatty's appeal from the order of detention (Docket Nos. 112, 133, 137) is **DENIED**.

/s/ PATTI B. SARIS
Patti B. Saris
Chief United States District Judge