15cr 10224 PBS

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | VIOLATIONS: |
| ) | |
| (1) JERRI MARTINEZ-TEJEDA, ) | 21 U.S.C. § 846 – Conspiracy to Possess |
| a/k/a "Ricky," a/k/a "Jose Ramon Saez- ) | with Intent to Distribute and to Distribute |
| Serrano," a/k/a "Manual Gonzalez-Osario," ) | Fentanyl, Heroin, and Cocaine |
| a/k/a "Roberto Amezquita," a/k/a "Juan ) | |
| Rivera-Santiago," a/k/a "Roberto ) | 18 U.S.C. § 1956(h) – Conspiracy to |
| Rodriguez," a/k/a "Jose Rojas," a/k/a "Juan ) | Launder Money |
| Santiago," a/k/a "Juan Santiago-Rivera," ) | |
| ) | 8 U.S.C. § 1326(a) – Unlawful Re-entry |
| (2) YOELLY R. CARMENATTY, ) | |
| a/k/a "Joely Carmenatty," ) | 21 U.S.C. § 853 – Drug Forfeiture |
| ) | Allegation |
| (3) JOEL JAHAMAL ROUGEAU, ) | |
| a/k/a "Panther," ) | 18 U.S.C. § 982(A)(1) – Money |
| ) | Laundering Forfeiture Allegation |
| (4) LILY SOLIS, ) | |
| a/k/a "Kendall," ) | |
| ) | |
| (5) GILBERTO ALICEA, and ) | |
| ) | |
| (6) MICHAEL BATE, ) | |
| ) | |
| Defendants. ) | |

## SECOND SUPERSEDING INDICTMENT

**COUNT ONE:**   (21 U.S.C. § 846 – Conspiracy to Possess With Intent to Distribute and to Distribute Fentanyl, Heroin, and Cocaine)

The Grand Jury charges that:

From a time unknown to the Grand Jury, but at least from in or around March 1, 2015, and continuing until on or about July 12, 2015, at Lawrence, Woburn, and elsewhere in the District of Massachusetts, and elsewhere,

(1) JERRI MARTINEZ-TEJEDA, a/k/a "Ricky," a/k/a "Jose Ramon Saez-Serrano," a/k/a "Manual Gonzalez-Osario," a/k/a "Roberto Amezquita," a/k/a "Juan Rivera-Santiago," a/k/a Roberto Rodriguez," a/k/a "Jose Rojas," a/k/a "JUAN Santiago," a/k/a "Juan Santiago-Rivera,"

(2) YOELLY R. CARMENATTY a/k/a "Joely Carmenatty,"

(3) JOEL JAHAMAL ROUGEAU, a/k/a "Panther,"

(4) LILY SOLIS, a/k/a "Kendall,"

(5) GILBERTO ALICEA, and

(6) MICHAEL BATE,

defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with each other and with persons known and unknown to the Grand Jury, to possess with intent to distribute, and to distribute fentanyl, a Schedule II controlled substance, heroin, a Schedule I controlled substance, and cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841.

All in violation of Title 21, United States Code, Section 846.

**COUNT TWO:** (Title 18, United States Code, Section 1956(h) – Conspiracy to Launder Monetary Instruments)

The Grand Jury further charges that:

From a date unknown to the Grand Jury, but from at least from in or around March 1, 2015, and continuing until on or about July 12, 2015, at Lawrence, Woburn, and elsewhere in the District of Massachusetts, and elsewhere,

    (1) JERRI MARTINEZ-TEJEDA, a/k/a "Ricky," a/k/a "Jose Ramon Saez-Serrano," a/k/a "Manual Gonzalez-Osario," a/k/a "Roberto Amezquita," a/k/a "Juan Rivera-Santiago," a/k/a Roberto Rodriguez," a/k/a "Jose Rojas," a/k/a "JUAN Santiago," a/k/a "Juan Santiago-Rivera,"

    (2) YOELLY R. CARMENATTY a/k/a "Joely Carmenatty,"

    (5) GILBERTO ALICEA, and

    (6) MICHAEL BATE,

defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with each other with other persons, known and unknown to the Grand Jury, did conduct and attempt to conduct one or more financial transactions affecting interstate and foreign commerce, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and which, in fact, involved the proceeds of a specified unlawful activity, to wit, the manufacture, importation, sale and distribution of a controlled substance, to wit, fentanyl, heroin, and cocaine, in violation of Title 21, United States Code, Section 841:

    (a) with the intent to promote the carrying on of such specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i);

    (b) knowing that the transactions were designed in whole and in part to conceal and

disguise the nature, location, source, ownership and control of the proceeds of such specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

(c) knowing that the transactions were designed in whole and in part to avoid a transaction reporting requirement under State and Federal law, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii).

The manner and means by which the conspiracy was carried out included, among other acts, (i) making and causing to be made multiple deposits of cash in amounts under $10,000.00 into bank accounts over which the conspirators had no legal control, and (ii) making and causing to be made arrangements for the transport of cash in excess of $500,000.00.

All in violation of Title 18, United States Code, Section 1956(h).

**COUNT THREE:** (Title 8, United States Code, Section 1326(a) – Unlawful Re-entry of Deported Alien)

The Grand Jury further charges that:

From a date unknown to the Grand Jury, but from at least from on or about July 12, 2015, at Lawrence, and elsewhere in the District of Massachusetts, and elsewhere,

> (1) JERRI MARTINEZ-TEJEDA, a/k/a "Ricky," a/k/a "Jose Ramon Saez-Serrano," a/k/a "Manual Gonzalez-Osario," a/k/a "Roberto Amezquita," a/k/a "Juan Rivera-Santiago," a/k/a Roberto Rodriguez," a/k/a "Jose Rojas," a/k/a "JUAN Santiago," a/k/a "Juan Santiago-Rivera,"

defendant herein, being an alien and having been excluded, removed, and deported from the United States on or about May 16, 2007, November 10, 2009, February 3, 2010, and December 23, 2011, was found in the United States without having received the express consent of the Secretary of the Department of Homeland Security to reapply for admission to the United States.

All in violation of Title 8, United States Code, Section 1326(a).

## **DRUG FORFEITURE ALLEGATION**
**(21 U.S.C. § 853)**

The Grand Jury further charges that:

1.  Upon conviction of Count One of this Indictment,

    (1) JERRI MARTINEZ-TEJEDA, a/k/a "Ricky," a/k/a "Jose Ramon Saez-Serrano," a/k/a "Manual Gonzalez-Osario," a/k/a "Roberto Amezquita," a/k/a "Juan Rivera-Santiago," a/k/a Roberto Rodriguez," a/k/a "Jose Rojas," a/k/a "JUAN Santiago," a/k/a "Juan Santiago-Rivera,"

    (2) YOELLY R. CARMENATTY a/k/a "Joely Carmenatty,"

    (3) JOEL JAHAMAL ROUGEAU, a/k/a "Panther,"

    (4) LILY SOLIS, a/k/a "Kendall,"

    (5) GILBERTO ALICEA, and

    (6) MICHAEL BATE,

defendants herein, shall forfeit to the United States, jointly and severally, pursuant to 21 U.S.C. § 853, any property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of such offenses; and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations. The property to be forfeited includes, but is not limited to, the following:

   (a) A sum of money equal to the total amount of proceeds traceable to the offenses alleged in Count One of this Indictment, which may be entered in the form of a forfeiture money judgment;

   (b) $4,000.00 in United States currency seized on June 4, 2015, in Vinita, Oklahoma;

   (c) $511,370.00 in United States currency seized on July 12, 2015, in Lawrence, Massachusetts;

   (d) one Dodge Ram pickup truck, bearing vehicle identification number 3C63RRGL2EG180485;

   (e) one 2012 white BMW model 750i, bearing vehicle identification number

WBAKA8C57CDS99721; and

(f)  one 2012 Infiniti model FX35 Limited, bearing vehicle identification number JN8AS1MWXCM151237.

2. If any of the property described in Paragraph 1, above, as a result of any act or omission of the defendants –

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1.

All pursuant to Title 21, United States Code, Section 853.

## MONEY LAUNDERING FORFEITURE ALLEGATION
(18 U.S.C. § 982(a)(1))

The Grand Jury further charges that:

1. Upon conviction of Count Two of this Indictment,

    (1) JERRI MARTINEZ-TEJEDA, a/k/a "Ricky," a/k/a "Jose Ramon Saez-Serrano," a/k/a "Manual Gonzalez-Osario," a/k/a "Roberto Amezquita," a/k/a "Juan Rivera-Santiago," a/k/a Roberto Rodriguez," a/k/a "Jose Rojas," a/k/a "JUAN Santiago," a/k/a "Juan Santiago-Rivera,"

    (2) YOELLY R. CARMENATTY a/k/a "Joely Carmenatty,"

    (5) GILBERTO ALICEA, and

    (6) MICHAEL BATE,

defendants herein, shall forfeit to the United States, jointly and severally, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

   a. A sum of money equal to the total amount of proceeds traceable to the offenses alleged in Count One of this Indictment, which may be entered in the form of a forfeiture money judgment;

   b. $4,000.00 in United States currency seized on June 4, 2015, in Vinita, Oklahoma;

   c. $511,370.00 in United States currency seized on July 12, 2015, in Lawrence, Massachusetts;

   d. one Dodge Ram pickup truck, bearing vehicle identification number 3C63RRGL2EG180485;

   e. one 2012 white BMW model 750i, bearing vehicle identification number WBAKA8C57CDS99721; and

   f. one 2012 Infiniti model FX35 Limited, bearing vehicle identification number JN8AS1MWXCM151237.

2.  If any of the property described in Paragraph 1, above, as a result of any act or omission of the defendants --

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the Court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1.

All pursuant to Title 18, United States Code, Section 982.

A TRUE BILL,

_____
FOREPERSON OF THE GRAND JURY

_____
THOMAS E. KANWIT
Assistant United States Attorney

DISTRICT OF MASSACHUSETTS: April 13, 2016

Returned into the District Court by the Grand Jurors and filed.

_____Kellepenn_____  More
Deputy Clerk

3:02 PM

Record of Grand Jurors Concurring

---

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) VIOLATIONS: |
| (1) JERRI MARTINEZ-TEJEDA, a/k/a "Ricky," a/k/a "Jose Ramon Saez-Serrano," a/k/a "Manual Gonzalez-Osario," a/k/a "Roberto Amezquita," a/k/a "Juan Rivera-Santiago," a/k/a "Roberto Rodriguez," a/k/a "Jose Rojas," a/k/a "Juan Santiago," a/k/a "Juan Santiago-Rivera," | ) 21 U.S.C. § 846 – Conspiracy to Possess with Intent to Distribute and to Distribute Fentanyl, Heroin, and Cocaine<br><br>) 18 U.S.C. § 1956(h) – Conspiracy to Launder Money<br><br>) 8 U.S.C. § 1326(a) – Unlawful Re-entry |
| (2) YOELLY R. CARMENATTY, a/k/a "Joely Carmenatty," | ) 21 U.S.C. § 853 – Drug Forfeiture Allegation |
| (3) JOEL JAHAMAL ROUGEAU, a/k/a "Panther," and | ) 18 U.S.C. § 982(A)(1) – Money Laundering Forfeiture Allegation |
| (4) LILY SOLIS, a/k/a "Kendall," | ) |
| (5) GILBERTO ALICEA, and | ) |
| (6) MICHAEL BATE, | ) |
| Defendants. | ) |

I, the duly appointed foreperson of the grand jury of this court, begun and held at Boston, Massachusetts on the 13th day of April, 2016, do hereby file with the clerk of the court as required by Rule 6(c) of the Federal Rules of Criminal Procedure, a record of the number of grand jurors concurring in the finding of indictment in the above case, which record shall not be made public except upon order of the court:

___ grand jurors concurring in the indictment

_____
Foreperson

4/13/16
_____
Date

11