United States District Court
District Of Massachusetts

United States of America )
)
v. ) Case No. 15-cr-10224(PBS)
)
Jerri Martinez-Tejeda )
)

Motion To Bar Court's Judicial Factfinding Being Determine By The Court Using The Preponderance Of The Evidence Standard.

Introduction

As a matter of introduction, the defendant, Jerri Martinez-Tejeda, by through undersigned counsel of record submits this motion to aid the Court with preserving Mr. Martinez-Tejeda's constitutional right to trial by a jury. In the interest of justice, the Court must reach the merits raised herein to help prevent a further miscarrige of justice.

Constitutional And Provisions Involved

The Fifth Amendment to the United States Constitution provides in relevant part; No person shall be held to answer for a capital crime, unless on a presentment or indictment of a grand jury...

The Sixth Amendment to the United States Constitution provides in relevant part; in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial by an impartial jury.

The Fourteenth Amendment to the United States Constitution provides in relevant part; nor shall any state deprive any person of life, liberty, or property, without due process of the law.

Relevant provisions of the United States Federal Sentencing of the United States Federal Sentencing Guidelines; 1B1. 1-3 and 2D1.1.

Satement Of Backgroun Facts Of Case;

This whole case revolves around the testimony of government assumed alleged "CI's" and Cooperating defendants giving information to the government that they worked for Mr. Nartinez-Tejeda, distributing kilograms of Fentanyl, Heroin, and Cocaine.

On July 12, 2015 Law Enforcement Officers conducted a Search Warrant and Body Warrant of Mr. Martinez-Tejeda at the home address of 6 Pere Marquette, Lawrence, Massachusetts. However, upon taking Mr. Martinez-Tejeda into custody, Special Agents searched the home. Thus, there were no drugs found upon the arrest of Mr. Martinez-Tejeda during the search of their home address.

Reasons For Granting Motion

Issue Number One:

For The Courts To Sentence Mr. Martinez-Tejeda Above The Ten Year Statutory Minimum Sentence Under Title 21 U.S.C. Section 841(b)(-1)(A) 1 kilogram Or More Of Heroin Penalty Provisions Based Upon Judicial Factfinding Being Determined By The Court On A Lesser Burden Of Proof Other Than Beyond A Reasonable Doubt Would Be To Render The Supreme Court's Precedents Blakely v. Washington, 542 U.S. 296 And Alleyne v. United STates, 133 S.Ct. 51(2013) Meaningless And Holding No Office.

For this same reason, labeling makes no difference in determining wether a certain provision sets a "Statutory Minimum" for the purpose of Apprendi. Rather, the dispositive question is a

functional one; what is the maximum penalty to wich the defendant is subject if punished according to the facts reflected in the jury verdict alone or the guilty plea alone?

In this regard as well. the District Court's exceptional sentence procedure is just like the procedure that this Supreme Court invalidated in Ring, Blakely, and Alleyne.

For xample; In Ring, the Arizona first degree felony murder statue "authorized a maximum penalty of death... in formal sense" because it noted that death was the maximum sentence available for that crime. 536 U.S. at 604(quotation ommitted); See also. Id at 592. But based solely on the jury's verdict finding, a defendant guilty of first degree felony murder, the maximum punishment he could have received was life imprisonment,(citation ommitted). This was so because, in Arizona, a death sentence may not legally be imposed... unless at least one aggravating circumstances is found to exist. Id. at 597(quoting State v. Ring, 25 P. 3d 1139, 1151(Ariz. 2001), This court thus held that Apprendi governed the procedures for finding such an aggravating factor because otherwise, Apprendi would be reduced to a meaningless and formalistic rule os statutory drafting. Id. at 604.

In Blakely v. Washington,159 L. Ed. 2d 403(2004) the Supreme Court invalidates under the Sixth Amendment(wich had of course long been held applicable to state criminal procedings by an interpretation of the Fourteenth Amendment) a statute of the Washington State that authorized the sentencing judge to impose a sentence above the "standard range" set forth in the statute punishing the offense, the judge had imposed a sentence of 90 moths on the defendant, wich exceeded the standard range of 49 months to 53 months for his offense, second-degree kidnapping.

The Supreme Court had already held that other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. Apprendi v. New Jersey, 530 U.S. 466, 490(2000). In Blakely it let the other shoe drop and held over pointed dissents that the maximum for Apprendi purposes is themaximum sentence a judge may impose solely on the facts reflected in the jury verdict or admitted by the defendant.

3

Blakely v. Washington, 2004 U.S. Lexis 4573. In other words, the relevant statutory maximum he may impose judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts wich the law makes essential to the punishment, and the judge exceeds its proper authority.

In the Alleyne case, the petitioner Alleyne was charged, as relevant here, with using or carrying, a firearm in relation to a crime of violence, 18 U.S.C. Section 924(c)(1)(A), wich carries a 5 year term mandatory minimum sentence, Section 924(c)(1)(A), that increase to a 7 year term(minimum) if the firearm is brandished, Section 924(c)(1)(A)(ii). And to a 10 year minimum term if the firearm is discharged, Section 924(c)(1)(A)(iii). On convicting Alleyne, the jury form indicated that he had used or cariied a firearm during in relation to a crime of violence, but not that the firearm was brandished. When the Presentence Report recommended a 7 year sentence on the Section 924 count, Alleyne objected, arguing that the jury verdict form clearly indicated that the jury did not find brandishing beyond a reasonable doubt and that raising his mandatory minimum sentenced based on a sentencing judge's finding of brandishing would violate his Sixth Amendment right to a trial by jury. In Alleyne, based on the above stated facts, the Supreme Court held:

> Because mandatory minimum sentences increase the penalty for a crime, any fact that increases the mandatory minimum is an "element" that must be submitted to the jury. Moreover, because the legally prescribed range is the penalty affixed to the crime, it follows that a fact increasing either end of the range produces a new penalty and constitutes an ingredient of the offense. It is impossible to dissociate the floor of a sentencing range from the penalty affixed to the crime.

## Law and Argument:

The crux of Mr. Martinez argument is that the statutory minimum for Alleyne purpose is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury

4

verdict or admitted by the defendant. Blakely v. Washington, 542 U.S. 296. Moreover, in the present case at hand this Court violates Mr. Martinez-Tejeda Sixth Amendment, right to a trial by jury when the Court relies upon drug quantity to increase his punishment that was not charged in his indictment and found by a jury on proof beyond reasonable doubt. Precisely the same analysis applies here. As the Ring Court itself explained, "the right to trial by jury guaranteed by the Sixth Amendment would be senselessly diminished if it encompassed fact finding necessary to increase a defendant's sentence by two years, but the fact finding necessary to put him to death " The Supreme Court in Alleyne held that the Amendment applies to both. Apprendi, 530 U.S. at 544-51(O'Connor, J. dissenting)(recognizing that Apprendi rule applies to facts necessary to impose death penalty as well as to impose an additional term of years.)

In short, because the court in Alleyne had made it perfectly clear that the judge is barred from making judicial fact finding that exposes Mr. Martinez-Tejeda to punishment above his statutory minimum sentence of 10 years under Title 21 U.S.C. Section 841 (b)(1)(A), the Court should not impose a sentence of a kilogram amount of more than 1 kilogram of heroin.

Issue Number Two:

It Is Unconstitutional For The Court To Find Mr. Martinez-Tejeda Guilty For Violating 21 U.S.C. Section 841(b)(1)(A) Mandatory Minimum 10 Years For 1 kilogram Of Heroin And Then Sentence Him To Another United States Sentencing Guideline Range 2d1.1 360 Life, Without A Grand Jury Charge And A Jury's Verdict. However, A Charge And Guilty Verdict For 1 kilogram Of Heroin Is A Different Crime Than A Sentence For 9 kilograms Of Heroin. Where Here, One's A Lesser Included Offense Than The Other.

The premise of Blakely and Alleyne is that it's wrong to convict someone of one crime, and sentence him for another. David E. Rovella, a Looming Apprendi Tsunami? Nat. L. J. Jan. 8, 2-001, at AI(qouting Professor Erwin Chemerisnky). Yet this is es-

sential what the trial Court did in this case.

The Problem Here:

1. The Court had charged to the grand jury to determine a quantity of 1 kilogram of heroin on a resonable doubt standard.

2. The Court at sentencing makes its own drug quantity finding during the time of sentencing by using a lesser burden of proof than beyond a reasonable doubt. (changing the 1 kilogram into a crime of 9 kilograms.)

3. The Court's judicial fact finding takes precedent over the jury's verdict as if the jury was there for no reason.

4. 1 kilogram of heroin is a lesser crime than 9 kilograms of heroin.

5. 1 kilogram carries a sentence of 10 years, while the drug quantity finding of 9 kilograms carries a much higher sentence.

As Former U.S. District Judge Nancy Gertner Astutely Noted In Commentary On Harris, When A Judge Is Required To Find Offense Facts For Applying Mandatory Minimum Sentencing Terms, Often The Judge Is Just Another Fact Finder, Doing Precisely What The Jury Does: Finding Facts With Specific And Often Harsh Sentencing Consequences. Nancy Gertner, What Harris Wrought, 15 Fed. Sent'g Rep. 83, 84(2002).

Whenever a judge engages in fact finding because operative law ties mandatory punishment to any specific offense conduct such as the amount of money or drugs involved in an offense, or wether and how the defendant used a weapon, or whether the offense caused bodily harm to a victim, the judge invades the jury's traditional province as trier of fact concerning a crime. Thus, as in Mr. Martinez-Tejeda's case at bar, it is obvious, for example, if the jury only finds the facts for larceny, even if punishment prescribed for each crime are indentical. One reason is th-

at each crime has different elements and a defendant can be convicted only if the jury has found each element of the crime of conviction.

Similarly, this Court must hold that Mr. Martinez-Tejeda's guilty plea to 1 kilogram is different crime than 9 kilograms. However, for this Court to hold otherwise would be to say that there is no greater difference between Title 21 Section 841(b)(1)(B) for 100 grams of heroin and Section 841(b)(1)(A) 1 kilogram penalty provision. However, Section 841(b)(1)(B) is lesser Punishment than the other Section 841(b)(1)(A) punishment.

Finally, the central thrust of Blakely and Alleyne is that it is wrong to convict someone of a certain crime and then to sentence him as if he actually committed a more serious transgression. Enforcing the Alleyne rule here will ensure that Courts may not increase a defendant's punishment based on allegedly aggravating facts that he did not have fair notice of, as that he was not allowed to contest before a jury.

For these reasons, Mr. Martinez-Tejeda asks to be sentenced to the facts of his case that was determined by the grand jury on a finding of his guilt based upon beyond a reasonable doubt.

Issue Number Three:

Alleyne And Blakely Renders The Leadership Role Enhancement Being Determined By A Judge Instead Of A Jury Facially Unconstitutional.

Petitioner's sentencing proceedings underscore the unfairness in allowing a judge to make finding necessary to increase a defendant's punishment by only a preponderance of the evidence. The Sixth Amendment right of the accused to have a jury of his peers determine the truth of every accusation is designed in part to guard against arbitrary, biased, or eccentric judicial decisions. Duncan v. Louisiana, 391 U.S. 145, 156(1986). As this court noted in Winship, a person accused of a crime... would be at a serious disadvantage amounting to a lack of fundamental fairness, guilty and imprisoned for years on the strength of the same

7

evidence as would suffice in a civil case. 397 U.S. at 363(quotation and citation ommitted); See, People v. Reese, 258 N.Y. 89. 101(1932)(Cardozo, J.)(The genius of our criminal law is violated when punishment is enhanced in the face of reasonable doubt as to the facts leading to the enhancement.)

Herein, in light of Blakely and Alleyne the 4 points enhancement for Leadership Role is totally unconstitutional because it requires the Court to determine the enhancement instead of the jurors. In light of the Alleyne decision, certain provisions of the Federal Guideline such as under Section 3B1.1(b), may violate a defendant's Sixth Amendment constitutional rights by having the Court, instead of the jury; determine the aggravating circumstances used to justify imposition of a higher sentence based upon facts not found by a jury. See, Alleyne v. United States, 133 S. Ct. 2151.

For these reasons, Mr. Martinez-Tejeda asks that the Court sentence him to the facts of his case based upon the grand jury charges in order to prevent a miscarriage of justice upon the Court.

Issue Number Four:

Alleyne And Blakely Renders The Relevant Conduct 18 U.S.C. 1B1.1-3 And 2D1.1 Statutory Penalty Provision Facially Unconstitutional Because In A Drug Conspiracy Case The Guidelines Requires The Court To Determine Drug Quantity And Type And Not The Jury On Proof Beyond A Reasonable Doubt.

In the present case at hand, Mr. Martinez-Tejeda argues the Court's use of the "Relevant Conduct" Provisions in the guidelines also violate the mandate of the Supreme Court decision within Alleyne. However, this is so because the guidelines provides more than one possible level and directs the judges to choose among them based upon special conduct found by the judge by a preponderance of the evidence.

The problem here:

8

1. It is unconstitutional for a legislature to remove from the jury the assessment of facts that increases the prescribed range of penalties to wich a criminal defendant is exposed. See, <u>Alleyne</u> at 2165.

2. The statutory provisions 1B1.1-3 is unconstitutional because the Court "shall" determine the kind of sentence and guidelines (See 18 U.S.C. Section 3553(a)(4)) by applying the provisions manual in the following order.

3. The statutory provisions 2D1.1 are unconstitutional under Alleyne and Blakely because it requires the Court to determine drug quantity and type and not the jury.

4. In <u>United States v. Reese</u>, 92 U.S. 214(1985) the Supreme Court held:

> "it would certainly be dangerous if the lagislature could set a net large enough to catch all possible offenders, and leave it to the courts to step inside and say who could be rightfully detained, and who should be set at large. This would, to some extent, substitute the judicial for the legislative department of government."
> (This is exactly how both penalty provisions 1B1.1-3 and 2D1.1. works.)

## Law And Argument

Judicial fact finding violates the Sixth Amendment when it established a fact that was not found by the jury or admitted by the defendant. <u>Blakely v. Washington</u>, 542 U.S. 296(2004). The United States Supreme Court describes the distinction between elements and sentencing factors in <u>United States v. O'Brien</u>, 176 L. Ed. 979(2010).

> "In my view, it makes no difference wether the sentencing facts vaults a defendant's mandatory minimum sentence by many years, or only incrementally changes it by a few. Nor does it make a difference wether the se-

9

ntencing facts involve characteristics of the offender or characteristics of the offense, or wich direction the other factors in the five factor text may tilt. One question decides the matter; if a sentencing fact either raises the floor or raised the ceiling the range of punishment to wich a defendant is exposed, it is by defenition an element. <u>Id</u>. at 997.

Thus, in many circumstances, the guidelines direct a Court to enhance or upwardly adjust a defendant's sentence based upon its own substantive fact findings, regardless of wether those facts were charged in the indictment or submitted to the jury(or even if the jury rejected the findings). In that regard, they are contrary to the Sixth Amendment.

For the Above stated reason the defendant seeks to be sentenced to the facts of this case stated within his indictment that is charged by the grand jury.

## Conclusion

The defendant request that the Court reaches the merit's raised within said motion to prevent a further miscarriage of justice upon the Court or in the alternative deems whatsoever, the Honorable Court feels just and appropiate.

Respectfully submitted,

Jerri Martinez-Tejeda

## Certificate of Service

The defendant Mr. Martinez-Tejeda hereby certify that on the day 9 of May 2016, he have served all parties of the court with a true copy of the foregoing Motion to bar court's judicial factfinding being determing by the court using the preponderance of the evidence standard.