UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) 15-cr-10224 PBS |
| | ) |
| (1) ) JERRI MARTINEZ-TEJEDA, | ) |
| a/k/a "Ricky," a/k/a "Jose Ramon Saez-Serrano," | ) |
| a/k/a "Manual Gonzalez-Osario," a/k/a "Roberto | ) |
| Amezquita," a/k/a "Juan Rivera-Santiago," a/k/a | ) |
| "Roberto Rodriguez," a/k/a "Jose Rojas," a/k/a | ) |
| "Juan Santiago," a/k/a "Juan Santiago-Rivera," | ) |
| | ) |
| Defendant. | ) |

## GOVERNMENT'S MOTION TO STRIKE

The United States of America hereby moves to strike Martinez-Tejeda's *pro se* motion docketed as entry 183, and any future motions he files *pro se* without seeking leave of this Court to do so.

As grounds herefor, the government states that while a criminal defendant has a constitutional right to counsel, *see Gideon v. Wainwright*, 372 U.S. 335, 344 (1963), and a constitutional right to represent himself, *see Faretta v. California*, 422 U.S. 806, 807 (1975), these rights are mutually exclusive and "[a] defendant has no right to hybrid representation." *United States v. Nivica*, 887 F.2d 1110, 1121 (1st Cir. 1989) (citations omitted); *accord United States v. Castille,* 209 WL 981372 at *2 (M.D. Ga. 2009), (stating that while a defendant has the right to represent himself in a criminal trial and has the right to assistance of counsel, he "does not have the right to a 'hybrid representation,' partly by counsel and partly by himself," without the permission of the court.). Defendant Martinez-Tejeda is currently represented by counsel.

"A district court enjoys wide latitude in managing its docket and can require represented parties to present motions through counsel." *See United States v. Soto*, 799 F.3d 68, 86 n.9 (1st

Cir. 2015) (a district court may require represented parties to present motions through counsel and refuse to consider defendant's *pro se* motions); *United States v. Tracy*, 989 F.2d 1279, 1285 (1st Cir. 1993) (holding that the district court did not abuse its discretion in refusing to consider the defendant's *pro se* motions); *see also Abdullah v. United States*, 240 F.3d 683, 686 (8th Cir. 2001) (district court has no obligation to entertain *pro se* motions filed by a represented party."); *United States v. DiPietro*, 2007 WL 3130553 at *1 (S.D.N.Y 2007) ("Pursuant to its docket-managing authority, a district court may reject purported *pro se* motions filed by a represented defendant.").

Moreover, Local Rule 83.5.5 says that an individual who is **not** represented by counsel and who is a party may appear *pro se*. However, Martinez-Tejeda is represented by counsel, so Local Rule 83.5.5 implicitly bars his proceeding *pro se*.

A defendant's *pro se* motion filed while he is represented by counsel can be considered as an "implicit request to be treated as co-counsel." *United States v. Washington*, 434 F.3d 7, 16 (1st Cir. 2006). As stated, however, a defendant has no right to hybrid representation; *see, e.g., Nivica*, 887 F.2d at 1121 (1st Cir. 1989).[1]

Here, Martinez-Tejeda did not seek leave to proceed *pro se*, which would have required this Court's finding of Martinez-Tejeda's clear and unequivocal knowing and intelligent waiver of the right to counsel. *See United States v. Betancourt-Arretuche*, 933 F.2d 89, 92 (1st Cir. 1991); *see also Brewer v. Williams*, 430 U.S. 387, 404 (1977) (courts should honor "every reasonable presumption against waiver" of the right to counsel); *United States v. Purnett*, 910 F.2d 51, 55 (2d Cir.1990) ("A district court is not obliged to accept every defendant's invocation

---

[1] While "hybrid representation is [not] foreclosed [outright] . . . it is to be employed sparingly and, as a rule, is available only in the district court's discretion." *Nivica*, 887 F.2d at 1121.

of the right to self-representation."). Nor did Martinez-Tejeda seek leave to proceed with a hybrid arraignment. Thus, this Court is not required to accept Martinez-Tejeda's *pro se* motion at all, and it is within the Court's discretion to strike it.[2]

                                                  Respectfully submitted,

                                                  CARMEN M. ORTIZ
                                                  United States Attorney

                                 By:    */s/ Thomas E. Kanwit*
                                                  THOMAS E. KANWIT
                                                  Assistant U.S. Attorney

Dated: May 17, 2016

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). I further certify that I have consulted with counsel for defendant in an attempt to resolve the issue(s) presented herein.

                           */s/ Thomas E. Kanwit*
                           THOMAS E. KANWIT

---

[2] Although the Court need not consider the merits of defendant's motion, counsel for the government notes that its arguments are misplaced, as they oppose application of a mandatory minimum sentence absent a jury finding of the requisite drug weight. The grand jury has not charged Martinez-Tejeda in a manner which would impose a mandatory minimum sentence; the government is thus precluded from seeking a mandatory minimum sentence pursuant to *Alleyne v. United States*, 133 S.Ct. 2151 (2013), unless it supersedes. To the extent that defendant also seeks to have a jury, and not the Court, determine if a role enhancement applies to him, that argument is also ill-founded and premature.