United States District Court
District of Massachusetts

United States of America )
)
v. ) Case No. 15-cr-10224(PBS)
)
Jerri Martinez-Tejeda )
)

Motion To Determine Whether Or Not Our Legislation/Congress Has Made The Change Of "Constructive Possession" Of A Controlled Substance As A Crime Against The Law Of The United States Of America Under The Statutory Provision Title 21 U.S.C. Sections 846, 841(a)(1).

I. Introduction:

As a matter of introduction, the Defendant, Jerri Martinez-Tejeda, by and through undersigned counsel of record or in the alternative the Defendant's Pro Se capacity within the interest of justice submits this motion to aid the Court with preserving Mr. Martinez-Tejeda constitutional right to a trial by jury. However, the Court must reach the merits of Defendant's arguments to prevent a further miscarriage of justice.

II. Constitutional And Statutory Provisions Involved:

21 U.S.C. Section 841 Prohibited Acts A

a. Unlawful Acts

Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally-

1. to manufacture, distribute, or dispense, or possess with intent to distribute, or dispense, a controlled substance, or

2. to create, distribute, or dispense, or possess with intent or distribute or dispense, a counterfeit substance.

1

The Black Law Dictionary States;
1. Possess: vb(14c) To have in one's actual control; to have possession of.
2. Possession: (14c) 1. The fact of having or holding property in one's power; the exercise of dominion over property. 2. The right under wich one may exercise control over something to the execlusion of all others; the continuing exercise of a claim to the exclusive use of a material object. 3. Civil Law. The detention or use of a physical thing with the intent to hold it as one's own. La. Civ. Code act. 3421(1) 4.(U.S.C. pl) Something that a person owns or controls; Property(2). Cf. ownership; Title(1). S A territorial dominion of a state or nation.
3. Constructive Possession: (18c). 1. Control or dominion over a property without actual possession or custody of it- Also termed effective possession. 2. Civil Law. Possession by operation of law of an entirety by virtue of corporeal possession of a part. When a possessor hold title to a property and physically possesses part of it, the law will deem the possessor to hold constructive possession of the rest of the property described in the title. La. Civ. Code art 3426.

III. Statement Of The Case

This whole case revolves around the testimony of government assumed alleged "CI's" and Cooperating defendants giving information to the government that they worked for Mr. Martinez-Tejeda, distributing kilograms of Fentanyl, Heroin, and Cocaine.

On July 12, 2015 Law Enforment Officers conducted a Search Warrant and Body Warrant of Mr. Martinez-Tejeda at the home address of 6 Pere Marquette, Lawrence, Massachusetts. However, upon taking Mr. Martinez-Tejeda into custody, Special Agents searched the home. Thus, there were no drugs found upon the arrest of Mr. Martinez-Tejeda during the search of their home address.

Ground Number One;

For the Court to threat "Constructive Possession"

2

Under Title 21 U.S.C. Section 841(a)(1) as a crime against the United States Citizens Transgress Our Legislature/ Congress Authority. Where here, the Statute uses the verb Possess and not Constructive Possession.

The Crux of Mr. Martinez-Tejeda's argument is that the District Court transgresses our congress authority by treating "Constructive Possession" as a Federal Crime under Title 21 U.S.C. Section 841(a)(1).

The defenition of the Elements of a criminal offense is entrudted to the legislature, particulary in the case of federal crimes, wich are solely creatures of statute. See Staples v. United States, 511 U.S. 600, 128 Led 2D 608(1994). By contrast, decisions of this Court holding that a Substantive federal criminal statute does not reach certain conduct, like decisions placing "beyond the power of the criminal law making authority to prescribe" Id., at 311(qouting Mackey, Supra, at 692), necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal. Davis v. United States, 417 U.S. 333, 346(1974). For under our Federal systems it is only Congress, and not the Courts, wich can make conduct criminal. See United States v. Lanier, 520 U.S. 259, 267-268(1997). Thus, it is the same problem here in Mr. Martinez-Tejeda case at bar that's being raised for the first time as a strong matter of first impression. There can be no room for doubt that such a circumstance "inherently results in a complete miscarriage of justice and presents exceptional circumstances that justify relief under Title 21 US.C. Section 841(a)(1) unlawful acts."

In the present 841 Statute at hand our legislature uses the word "Possess" alone. Thus, making it unlawful to possess a controlled substance with the intent to distribute. Nowhere in the criminal statute 841 does our legislature use the word "Constructive Possession" at all. Therefore, the Court is well aware of the law; if Congress does not create a private right of action for violating one of its laws, the Court have no power to create one. See, Alexander v. Sandoval, 532, 275, 281(2001)(per Scalia, J.) The more specific the enumeration, the greater the force of canon;

3

If parliament in legislating speaks only of specific things and specific situations, it is legitimate that the particular exhuast the legislative will. The particular wich is omitted from the particulars mentioned is the omsissus, wich the judge cannot supply because that would amount to legislation. See, J.A. Corry, Administrative Law And The Interpretation Of Statutes, 1 U. Toronto L.J. 286(1936).

IV. Under Our Federal System Congress Writes The Laws And Not The Courts.

For an example;
Consider the sign at the entrance to a beachfront restaurant; "No shoes, no shirt, no service." By listing something that will cause a denial of service, the sign implies that other things will not. One can be confident about not being excluded on grounds of not wearing socks, or not wearing a jacket or tie.
Here in the present 841 Statute our Congress were specific on describing how their statute only targets the ones who possess the controlled substance with the intent to distribute and not the ones who the Court determines was in "Constructive Possession" of the controlled substance with the intent to help.

V. Part "B" Nothing Is To Be Added To What The Text States Or Responsibly Implies(Casus Omissus Pro Omisso Habendus Est). That Is A Matter Not Covered Is To Be Treated As Not Covered.

The principle that a matter not covered is so obvious that it seems absurd to receive it. The judge should not presume that every statute answers every question, the answers to be discovered through interpretation. See, Cal. Code Civ. Proc, 1858("in the construction of a statute or instrument, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted...") Cal. Cir. Code 3530("That wich does not appear to exist is to be regarded as if it did not exists.") See also, Simmons v. Arnin, 220 S.W. 66, 70(Tex. 1920)(Coutr must take statute as they find them... They are not the law-making body. They are not responsib-

le for omission in legislation."); R.W.M. Rios, jurisprudence 232(4th ed. 1976)("A judge may not add words that are not in the statute, save only by way of necessary implication.")(Sydney Hook ed, 1964)("Granted the right and duty of the Court to interpret the document, it has not been given the duty or opportunity to rewrite the words.")

As the noted lawyer and Statesman Elihu Root said to the judge; "It is not his function or within his power to enlarge or improve or change the law. Nor should the judge elaborate unprovided for exception to a text, as Justice Blackman noted while a Circuit judge,"If the Congress has intended to provide additional exceptions, it would have done so in clear language."

In the crux of Mr. Martinez-Tejeda argument raised before the Court for the very first time, is that our congress has never made "Constructive Possession" of a controlled substance as a crime against the citizens of the United States. See, United States v. Reese, 92 U.S. 214(1875). If the congress has not declared an act done within the State to be a crime against the United States the Courts have no power to treat it as such. Thus, this is the exact problem here; the Courts have no authority to treat "a charge of Constructive Possession" as a crime against the United States only on the grounds that our Congress has not mader it unlawful under Title 21 U.S.C. Section 841(a)(1).

Here if the legislation undertakes to define by statute a new offense and to provide for its punishment, it should express its will in language that will not decieve the common mind, every man being entitled to know with certainty when he is committing a crime.

Ground Number Two;

VI. The Court Must Set Aside Mr. Martinez-Tejeda's Charges For "Lack Of Any Notice To The Public That This Ambiguous Crminal Statute(21 U.S.C. Section 841(a)(1)) Includes Constructive Possession Of A Controlled Substance Crime Within The Coverage."

In the present case at hand the defendant stands upon that our legislative/congress statutory provision of Title 21 U.S.C.

5

Section 841(a)(1) unlawful acts do not give the citizens of the United States "Fair Warning" that the term "Constructive Possession" is covered by the statute in question.

The right to due process enforced by the Federal Constitution and said to have been violated by Mr. Martinez-Tejeda presents a case point, with the irony that a prosecution to enforce one application of its spacious protection of liberty can threaten the accused with deprivation of another: What Justice Holmes spoke of as "fairswarning... in language that the common world will understand, of what the law intends to do if a certain line is passed. To make the warning fair, so far as possible the line should be clear." McBoyle v. United States, 283 U.S. 25, 27(1931) "The... principle is that no man shall be held criminally responsible for conduct wich he could not reasonably understand to be prescribed." Bouie v. City of Columbia, 378 U.S. 347, 351(1964) (quoting United States v. Harris, 347 U.S. 612, 617(1954).)

There are three related manifestations of the fair warning requirement. First the vagueness doctrine bars enforcement of "a statute wich wether forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." Connally v. General Constr. Co., 269 U.S. 385, 391(1926); accord, Kolender v. Lawson, 461 U.S. 352, 357(1983); Lanzetta v. New Jersey, 306 U.S. 451, 453(1939). Second, as a sort of "junior version of the vagueness doctrine," H. Packer, The Limits of the Criminal Sanction 95(1968), the canon of strict construction of criminal statutes, or rules of lenity, ensures fair warning by so resolving ambiguity in a criminal statute as to apply it only to conduct clearly covered. See, e.g., Liparota v. United States, 471 U.S. 419, 427(1985); United States v. Bass, 404 U.S. 336, 347-347(1971); McBoyle, supra, at 27. Third, although clarity at the requisite level may be supplied by judicial gloss on another wise uncertain statute, See, e.g., Bouie, supra, at 357-359; Kolender, supra, at 355-356; Lanzetta, supra, at 455-457; Jeffries, Legality, Vagueness, and the Construction of Penal Statutes, 71 Va. L. Rev. 189, 207(1985), due process bars courts from applying a novel construction of a criminal statute to conduct that neither the statute nor any prior judicial decision has fairly disclosed to

be within its scope, See, e.g., Marks v. United States, 430 U.S. 188, 191-192(1977); Rabe v. Washington, 405 U.S. 313(1972)(per curiam); Bouie, supra, at 353-354; cf. U.S. Constr., Art. 1, 9, Cl. 3; id., 10, cl. 1; Bouie, supra, at 353-354(Ex Post Facto* 267 Clauses bar legislatures from making substantive criminal offenses retroactive). In each of these guises, the touchstone is either standing alone or as construed, made it reasonably clear at the relevant time that the defendant's conduct was criminal.

Ground Number Three;

VII. If The Court Recognizes That Our Congress Has Not Made A "Change Of Being In Constructive Possession Of A Controlled Substance As A Crime Against A Citizen Of The United States Of America" Than Mr. Martinez-Tejeda Must Be Considered Actually Innocent Of Violating 21 U.S.C. Section 841(a)(1) Federal Drug Statute. Where Here The Agents Had Never Discovered Drugs Upon The Defendant's Arrest.

In the present case at bar the defendant argues that he is being charged for a crime our Congress has not made crimminal. See, Bousley v. United States, 523 U.S. 614(1998). However, to establish actual innocence, the defendant must demonstrate that, in light of all the evidence, it is more likely than not than no reasonable juror would have convicted him. Schlup v. Delo, 513 U.S. 298, 327-328(1995).

It is important to note in this regard that "Actual Innocence" means factual innocence, not legal insufficiency. See, Sawyer v. Whitley, 505 U.S. 333(1992). Thus, in this case, the defendant maintains that he is actually innocent in being in possession of any controlled substance. The Court is fully aware of the sole facts that the defendant was never arrested with drugs upon his person, nor in his home were no drugs found in the search of his residence. Accordingly, the defendant need not demonstrate no more than that he did not "possess" a controlled substance as that terms is defined in Title 21 U.S.C. Section 841(a)(1) unlawful acts statute.

7

The defendant prays that this Honorable Court address the merits of this case and deem whatsoever this Honorable Court feels appropiate.

Respectfully submitted,

*[signature]*

Jerry Martinez-Tejeda

## Certificate of Service

The defendant Mr. Martinez-Tejeda hereby certify that on day <u>17</u> of May, 1026, he have served all parties of the Court with a true copy of the forgoing Motion to determine whether or not our legislation/congress has made the change of "constructive possession" of a controlled substance as a crime against the law of the United States of America under the statutory provision Title 21 U.S.C Sections 846, 841(a)(1).